[Cite as *State v. Johnson*, 2016-Ohio-3411.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| CODY JOHNSON | : | Case No. 15CA103 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2015-CR-0278

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 13, 2016

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

DANIEL M. ROGERS                          JOHN C. O'DONNELL
38 South Park Street                         10 West Newlon Place
Mansfield, OH  44902                         Mansfield, OH  44902

*Farmer, P.J.*

{¶1}   On March 10, 2015, the Richland County Grand Jury indicted appellant, Cody Johnson, on one count of breaking and entering in violation of R.C. 2911.13.  Said charge arose from a break-in at Nicholls Furniture Store and the subsequent theft of furniture.

{¶2}   A jury trial commenced on August 17, 2015.  The jury found appellant guilty as charged.  By sentencing entry filed August 19, 2015, the trial court sentenced appellant to twelve months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THEY COULD CONSIDER DEFENDANT FLEEING AS EVIDENCE OF GUILT."

II

{¶5}   "THE GUILTY VERDICT OF BREAKING AND ENTERING WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

III

{¶6}   "DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I

{¶7}   Appellant claims the trial court erred in instructing the jury on the issue of flight, as evidence was not presented of him fleeing or evading the police.  We disagree.

{¶8} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Martens,* 90 Ohio App.3d 338 (3rd Dist.1993). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). Jury instructions must be reviewed as a whole. *State v. Coleman,* 37 Ohio St.3d 286 (1988).

{¶9} We note an objection was not made to the complained of jury instruction. Pursuant to Crim.R. 30(A) in part: "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

{¶10} Furthermore, an error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long*. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id*. at paragraph three of the syllabus.

{¶11} The complained of jury instruction was as follows: "Finally, testimony has been admitted indicating that the Defendant fled the area of the crime upon police arrival. You are instructed that flight of the Defendant alone does not raise a presumption of guilt,

but it may tend to indicate the Defendant's consciousness or awareness of guilt." T. at 214.

{¶12} As the instruction emphasized, the jury was given the responsibility of determining whether appellant's actions indicated flight.

{¶13} Police officers responded to a call of a suspicious person and a possible break-in at Nicholls Furniture Store on 4th Street. T. at 76-77, 119-120, 159. On the same evening, appellant's stepsister, Rebecca Johnson, and stepmother, Terri Johnson, responded to appellant's call for a ride. T. at 49, 51. Upon their arrival, appellant threw boxes into the vehicle and when police approached the area, appellant fled. T. at 54-55, 68-69, 80, 164. Appellant was apprehended by another officer after he was observed running through the woods. T. at 80-81.

{¶14} Upon review, we fail to find any prejudice to appellant from the instruction on flight given the evidence presented of appellant fleeing the scene as officers approached and his continued running through the woods.

{¶15} Assignment of Error I is denied.

II

{¶16} Appellant claims his conviction was against the manifest weight of the evidence, as direct evidence was not presented that he broke into the furniture store and stole the boxes. At worst, appellant claims the evidence established he was in possession of stolen property. We disagree.

{¶17} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259 (1991).

{¶18} Appellant was convicted of breaking and entering in violation of R.C. 2911.13(A) which states: "No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

{¶19} The direct evidence established an individual wearing a brown hoodie was observed by a snowplow driver, Samuel Storesina, flipping a big cardboard box across the street in the vicinity of the furniture store at approximately 10:00 p.m. T. at 28, 30-32. Later, Mr. Storesina observed the same person on 4th Street rolling another box up the street. T. at 34-35. When appellant was apprehended, he was wearing a "light tan Carhart coat." T. at 82. Mr. Storesina identified the coat as the "hoodie" he had observed. T. at 45-46; State's Exhibit 11.

{¶20} On the same evening, appellant called his stepsister for a ride. T. at 49, 51. She was to pick him up on 4th Street. T. at 52. As Ms. Johnson and her mother

approached the area, appellant flagged them down and shoved boxes into the vehicle. T. at 53-55, 68. When the police approached, appellant "took off running." T. at 55-56, 68-69, 80, 164.

{¶21} The boxes in Ms. Johnson's vehicle were identified by the owner of the furniture store as belonging to the furniture store, as well as furniture sitting on the ground near the vehicle and the store. T. at 98, 100-102.

{¶22} The circumstantial evidence included the time lapse from Mr. Storesina's observation of appellant flipping boxes in the street in the vicinity of 4th Street to the actual placing of the boxes in Ms. Johnson's vehicle. The furniture store was broken into by the door being taken off the hinges. T. at 94, 103, 121. When appellant was apprehended, he possessed a screwdriver and parts to the screwdriver. T. at 147-149.

{¶23} Upon review, we find the combination of the unrefuted direct evidence and the circumstantial evidence of appellant's appearance in close proximity to the break-in and his possession of screwdriver tools to be sufficient to support the jury's finding of guilty beyond a reasonable doubt. We do not find any manifest miscarriage of justice.

{¶24} Assignment of Error II is denied.

III

{¶25} Appellant claims he was denied the effective assistance of trial counsel in his counsel's failure to object to the testimony of his stepsister and stepmother regarding their suspicions of the items having been stolen. We disagree.

{¶26} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶27} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

{¶28} During opening statement, defense counsel stated "not one person that's going to testify in front of you under oath is going to be able to place Cody inside Nicholls Furniture." T. at 25-26. Defense counsel stressed "this case is about breaking and entering." T. at 26.

{¶29} Appellant's stepsister testified to appellant placing the boxes into her vehicle as follows (T. at 54-55):

Q. How did it get to be in your van?

A. Cody - - I can't remember there being two boxes. When he shoved the first one in is when my mom started harassing him, you know, making sure it wasn't stolen, and me and him were arguing back and forth. I don't remember him putting the second box in, but when he took off running, I think he shoved the second box in when he took off.

Q. All right. So let's take this a little bit slower. Cody flags you down. What's the very next thing you remember happening after he flags you down?

A. The box coming in the van and then cops were surrounding us. It happened so quick, like, I don't even know what happened still.

Q. Okay. Did Cody stay there when the cops got there?

A. No. He was gone. When the cops actually got up to my vehicle, he was gone.

Q. All right. Did you see where he went?

A. No. I didn't even know he took off running, because mom turned around and said - - because she was talking about the lady in Apartment 1. She said Cody, I know that that lady is not standing out there for - -

Q. I don't want you to say what your mom said.

A. They was arguing back and forth and she turned around to say that he was lying and he wasn't there, so honestly I didn't even see him take off. He was gone.

{¶30}  Appellant's stepmother testified to the boxes entering the vehicle as follows (T. at 68):

As we pulled up, Cody jumps in and starts - - slides the door open and starts putting boxes inside.  I said, Cody, you didn't break in anything, did you?  He said, No.  I said, You didn't break in that complex over there in the Lock It Ups?  He said, No.  I said, Cody, that woman standing there, Cody, that woman standing there in the Apartment 1 is not on her telephone for nothing this time of night.  He said, No, I didn't.  So when he jumps in, the boxes are in.  Cody gets in.  The cops come.  I turn around and I said, Cody, you're lying.  Cody was gone.

{¶31}  This testimony was not offered for the truth of the matter asserted (that the boxes were stolen), but only to demonstrate the stepmother's suspicions about the origin of the boxes placed in the van.

{¶32}  The fact that the boxes placed in the vehicle were stolen in the break-in was established by the testimony.  T. at 98, 100-102.  Even if defense counsel should have objected, sufficient evidence was presented to establish that the boxes were taken from the break-in.  Any deficiency did not cause any undo prejudice to appellant or substantially change the result of the trial.

{¶33}  Assignment of Error III is denied.

{¶34}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 520